UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TOM SAMUELSON and | ) | |
| LISA SAMUELSON, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | CASE NO.: 3:15-CV-409-TLS |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiffs, Tom and Lisa Samuelson, have filed a Petition for Declaratory Judgment and for Restitution (the Complaint), against Wells Fargo Bank, N.A. In Count I, they assert that the Truth in Lending Act (TILA), 15 U.S.C. § 1635 requires that a "declaratory judgment that the VOID and INVALID Mortgage, dated December 13, 2005, recorded as doc# I 200601002 in the office the Recorder of Deeds for the County of Marshall, Indiana be recorded as terminated and released." (Pet. ¶ 14, ECF No. 1.) In Count II, the Plaintiffs invoke remedies under 15 U.S.C. § 1640, namely the return of twice the amount of funds they tendered "in regards to this alleged loan prior to rescission." (*Id.* ¶ 17.) The factual predicate for their claims is that the Defendant failed to properly respond to a July 2015 notice of the Plaintiffs' election to rescind a mortgage loan. The Notice of Rescission is an exhibit to the Complaint.

The Defendant has filed a Motion to Dismiss [ECF No. 9], arguing that the Plaintiffs' allegations affirmatively establish that they cannot maintain an action against it under TILA due to a three-year statute of repose. For the reasons set forth below, the Court agrees, and finds that the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## COMPLAINT ALLEGATIONS

The Plaintiffs allege that in July 2015, the Defendant received their Notice of Rescission related to "alleged loan #0148567852." (Pet. ¶¶ 5, 9.) The Notice provided that the reason for the rescission was that the Plaintiffs were not provided a completed copy of their notice of right to rescind the consumer transaction with an origination date of December 13, 2005. (Notice, ECF No. 1-4.) The Notice asserted the Plaintiffs' belief that the transaction had not been properly consummated. When the Defendant failed to respond to the Notice within twenty days of receipt, the Plaintiffs filed suit. They seek a declaratory judgment that the mortgage is void and invalid along with rescission of the loan. The Plaintiffs also seek damages in twice the amount of the original principal balance of the loan, which was $258,700, plus return of twice the amount of all payments made to date on the loan, which they allege is $104,571.

## STANDARD OF REVIEW

A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating a motion to dismiss, the court assumes that the factual allegations made in the complaint are true. *Atkins v. City of Chi.*, 631 F.3d 823, 831–32 (7th Cir. 2011).

**ANALYSIS**

The Truth in Lending Act, 15 U.S.C. § 1635, governs the right of rescission in transactions that create a security interest in a consumer's principal dwelling. Subsection (a) provides a cooling off period of three days, during which time a consumer may rescind or cancel the transaction. *See* 15 U.S.C. § 1635(a) ("[T]he obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the . . . material disclosures required under this subchapter."). If the three-day unconditional right to rescind is not exercised, the consumer may still rescind, but only for up to three years after consummation of the transaction, and "only if the lender failed to satisfy the Act's disclosure requirements." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015); 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor."); *see also* 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first."). In the event that a borrower timely elects to rescind a loan, the creditor has an obligation, within twenty days, to "return to the obligor any money or property given as earnest money, downpayment, or otherwise, and . . . take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b).

Failure to comply with the requirements of § 1635 also gives rise to a claim for damages

against the creditor. 15 U.S.C. § 1640(a). Rescission and damage claims may be brought in the same action. *Id.* § 1635(g). Although a three-year limitations period governs rescission claims based on a failure to comply with TILA's notice and disclosure requirements, a damage claim must be brought within one year of the alleged violation. *Id.* § 1640(e).

According to the unambiguous Complaint allegations, the Plaintiffs closed on the loan at issue on December 13, 2005, and the Plaintiffs attempted to exercise their right to rescind in July 2015. The Defendant argues that the Plaintiffs have pled themselves out of Court by seeking relief based upon an alleged right—rescission of their loan—that was long ago extinguished by operation of law. Accordingly, the Defendant asserts that they had no obligation to rescind the loan, or to even reply to the Notice. The Defendant argues that the Plaintiffs' claim for damages is likewise unavailing because a creditor can only be liable for damages when it fails to comply with a requirement imposed under TILA. Because the untimely Notice of Rescission triggered no obligations to comply with § 1635(b), there is no claim for damages.

In response, the Plaintiffs argue that "[t]he transaction and purported loan of December 2005, was not the one described in the mortgage documents, therefore the purported mortgage loan was not consummated, and the [Plaintiffs'] right to rescind was not extinguished by operation of law." (Pls.' Resp. 1, ECF No. 17.) The Plaintiffs argue that the Defendant acted as a middle man in the mortgage transaction, and did not disclose the identity of the true lender. They assert that the Defendant did not follow the terms of the mortgage and trust agreement, and the mortgage was never properly consummated.[1] The Plaintiffs also advance the theory that the

---

[1] In support of these arguments, the Plaintiffs have attached to their Response a Securitization Report. This is a matter "outside the pleadings," and will not be considered by the Court in ruling on the Motion to Dismiss. *See* Fed. R. Civ. P. 12(d). Additionally, the Court elects not to convert the Motion to Dismiss into a motion for summary judgment on the basis of the extraneous material, as it would not

4

Defendant has waived its "right to contest or raise defenses against the Plaintiffs' right to rescind," because the Plaintiffs' Notice triggered § 1635(b) default procedures to complete the rescission, which the Defendant did not seek to have modified through a legal action filed within twenty days. (Pls.' Resp. 5.) "These include the lender's security interest becoming void upon receipt of the notice of rescission, the creditor must take the necessary steps to reflect the termination of this interest, and the creditor must return any money or property given to creditor as earnest money, downpayment, or otherwise within twenty days or receipt of notice." (*Id.*)

If the Plaintiffs are correct in their assertion that a loan was never consummated, then TILA does not apply. *See* 15 U.S.C. § 1631(a) (referring to disclosures that apply to a person "who is obligated on a consumer lease or a consumer credit transaction"); *id.* § 1635(a) (outlining the right of rescission that applies to "consumer credit transactions . . . in which security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended"). Without consummation of a loan, there was no contractual obligation, nothing to rescind, and no obligations under TILA. *See* 12 C.F.R. § 226.2(a)(13) ("Consummation means the time that a consumer becomes contractually obligated on a credit transaction."). Accordingly, there could be no federally recognized cause of action for rescission or for damages for failing to follow rescission procedures.

If the loan was consummated in December 2005 as set forth in the Complaint and the Notice of Rescission, the right to rescind expired three years later, regardless of any failure by the Defendant to make disclosures required by the Act. *Jesinoski*, 135 S. Ct. at 792 ("Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after

---

change the outcome of the case.

the date of consummation of the transaction or upon the sale of the property, whichever comes first.'") (quoting 15 U.S.C. § 1635(f)). This three year period is not a statute of limitations but a statute of repose, such that the very right to pursue rescission absolutely extinguishes at the end of the period. *Beach v. Ocwen Fed'l Bank*, 523 U.S. 410, 412, 417–19 (1998) (concluding that there is "no federal right to rescind . . . after the 3–year period of § 1635(f) has run"); *see also Augutis v. United States*, 732 F.3d 749, 753 (7th Cir. 2013) (noting that, because a statute of repose is substantive, it "extinguishes any right to bring any type of cause of action against a party"). The Plaintiffs' Complaint does not set forth a plausible claim for rescission of their 2005 mortgage.

As to their claim for damages, the Plaintiffs have not pointed to a single case indicating that a lender is liable for failing to comply with § 1635(b) when it has been provided with an invalid notice of rescission. (In this case, a notice provided ten years after the loan had been consummated.) Quite the opposite is true:

> The plain language of § 1635(b) requires that the creditor take certain specific actions within twenty days of receiving a rescission notice. *It is true that the creditor need not take those actions where the rescission notice is invalid*, . . . . *See Belini* [*v. Wash. Mut. Bank, FA,*] 412 F.3d [17,] 25 [(1st Cir. 2005)] ("Of course, where the debtor's notice of rescission is invalid—for example, where the creditor has not actually failed to satisfy a material disclosure requirement that would entitle the debtor to rescind—then no damages can be assessed against the creditor for failing to respond to the notice."); *Velazquez* [*v. HomeAmerican Credit, Inc.*], 254 F. Supp. 2d [1043,] 1047 n.1 [(N.D. Ill. 2003)] ("Obviously a debtor who lacks the legal right to rescind cannot construct a TILA violation from the creditor's failure to honor the debtor's extra-legal rescission demand.").

*Iroanyah v. Bank of Am., N.A.*, 851 F. Supp. 2d 1115, 1128–29 (N.D. Ill. 2012). The Plaintiffs are simply wrong in their assertion that the procedures of § 1635(b) are triggered by any rescission demand, even one that is not provided until well after the extinguishment of the right

to pursue rescission.

The Plaintiffs have pled themselves out of court. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("[A] party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims."); *Cf. Tregenza v. Great Am. Comm'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (noting that even though a plaintiff is not required to negate statute of limitations affirmative defense in his complaint, "if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court"). Because the Plaintiff's have asserted no claims in their Complaint that survive the three-year statute of repose, recovery is not plausible.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Dismiss the Complaint [ECF No. 9]. The Plaintiffs' Complaint is dismissed with prejudice.

SO ORDERED on March 29, 2016.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION